ALVIN L. DIETZEL v. THE STATE.

No. 18534. Delivered November 12, 1936.

The opinion states the case.

*Lewright & Lewright*, of San Antonio, *James Young, Jr.*, of Corpus Christi, and *R. G. Harris*, of San Antonio, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is unlawfully practicing law; the punishment, a fine of $100.

Appellant was vice president and manager of R. M. Hughes and Company, a corporation. The corporation had sold J. D. Coffey some vinegar. On the 30th of April, 1934, appellant addressed a letter to Coffey in which he stated that the account due the corporation for vinegar had been placed in his (appellant's) hands for collection and that he would file suit in the justice court on the 4th of May, 1934. The stationery on which the letter was written had printed on it the following: "Alvin L. Dietzel, Attorney at Law, San Antonio, Texas." Appellant had no license to practice law. Eventually R. M. Hughes and Company filed suit against Coffey in the justice court. Appellant did not represent the corporation in the filing of the suit other than to employ Emanuel Gassman, a licensed attorney, to institute the proceedings and try the case. Judgment was rendered in favor of Coffey.

Appellant introduced several witnesses who testified that his general reputation for honesty and fair-dealing was good.

In the complaint, in charging the act alleged to constitute the practice of law, it was averred, in substance, that appellant performed an act in proceedings prospective before a justice of the peace in that, in representing R. M. Hughes and Company, a corporation, he threatened to file suit in the justice court as an attorney against Coffey's Cash Store.

Section 1, chap. 238, General Laws of the 43rd Legislature, enacted at the Regular Session, provides that it shall be unlawful for any corporation or any person, firm or association of persons, except natural persons who are members of the bar, regularly admitted and licensed, to practice law. Section 2 of the act defines the practice of law and sets forth various exceptions. The complaint and information were presented under subdivision (a) of Sec. 2, which declares that for the purpose of the act one is deemed to have practiced law if, in a

representative capacity, he appears as an advocate or draws papers, pleadings, or documents, or performs any act in connection with proceedings pending or prospective before a court or justice of the peace. It is provided in section 2 that nothing therein shall be construed to prohibit any person, firm or corporation, out of court, from attending to and caring for his own or its own business, claims or demands, or the claims, demands or traffic business of said corporation or the individual members of said corporations or associations. We think appellant was within the exception just stated. He was vice president and manager of the corporation, and, in such capacity, was attending to and caring for the claims of the corporation out of court. We are of opinion that the fact that the stationery used by appellant in demanding that Coffey pay the corporation would not bring appellant within the inhibition of the statute.

Believing the evidenlce insufficient, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.